IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EDWARD PHILPOT HICKMAN, ) <br> AIS #285076, ) <br> ) <br>     Plaintiff, ) <br> ) <br>   v. ) <br> ) <br> ) <br> KARLA JONES, *et al.*, ) <br> ) <br>     Defendant. ) | CIVIL ACTION NO. 2:15-CV-352-WKW <br> [WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint filed by Edward Philpot Hickman ("Hickman"), an inmate presently incarcerated at the Easterling Correctional Facility ("Easterling").  In the complaint, Hickman alleges that the defendants acted with deliberate indifference to his safety which resulted in his being assaulted by another inmate on July 27, 2014.  Hickman also challenges the adequacy of medical treatment provided to him for injuries suffered in this assault.

On August 11, 2015, Hickman filed a motion for preliminary injunction seeking injunctive relief requiring that the defendants transfer him to another correctional facility due to his fear of other unidentified inmates he alleges are members of the disciples gang who have extorted money from him and threatened/harassed him.  *Doc. No. 43* at 2.  The court directed the defendants to show cause why Hickman's motion for preliminary injunction

should not be granted. *Order of August 12, 2015 - Doc. No. 44*. The defendants filed a response to this order, supported by relevant evidentiary materials, in which they assert that transfer of Hickman to another correctional facility is not warranted as he has refused to identify the inmates he fears and because he recently received a disciplinary for a violation of institutional rules. *Defendants' Exh. A (Sworn Statement of Nathaniel Lawson) - Doc. No. 48-1* at 2.

Upon review of the plaintiff's motion for preliminary injunction and the response thereto filed by the defendants, the court concludes that the motion for preliminary injunction is due to be denied.

## II. STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Hickman demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be

granted unless the movant clearly established the "burden of persuasion'" as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.'" *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001) (quoting *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1284 (11th Cir. 1990)).

### III. DISCUSSION

In their response to the motion for preliminary injunction, the defendants assert that Hickman is not entitled to a transfer from Easterling. Specifically, the defendants assert that:

> Inmate Hickman reported [to me] that he was being extorted for money by inmates assigned to Easterling Correctional Facility [who are alleged members of the disciple gang]. . . . I asked inmate Hickman for the identity of the

> inmates that were threatening and extorting money from him. Inmate Hickman refused to provide the names of the inmates. I told inmate Hickman that I needed the inmate's names so I could conduct an investigation into his allegations to see if inmate Hickman was being extorted for money or if he had enemies at Easterling Correctional Facility. Inmate Hickman would not give the names of the inmates. I advised inmate Hickman that there was nothing that I could do to help him because he wouldn't reveal the identify of the inmates. Inmate Hickman requested to be transferred. I told inmate Hickman that disciple gang members were in all prisons and transferring him to another institution would not solve his problem. Inmate Hickman's allegations were unsubstantiated due to inmate Hickman's unwillingness to provide the identity of the inmates for a thorough investigation to be conducted.
> * * *
> Inmate Hickman did send a request slip asking to move to a less restricted institution. . . . Inmate Hickman has minimum-in custody at the present time; however inmate Hickman received disciplinary action for Unauthorized Possession of a Phone(s)/Accessory(s) and was found guilty by the Hearing Officer on July 31, 2015. Inmate Hickman is not eligible for Community Custody at the present time. Inmate Hickman failed to name or identify the inmates he considered as his enemies so therefore there was no way to validate his enemies.

*Defendants' Exh. A (Sworn Statement of Nathaniel Lawson) - Doc. No. 48-1* at 1-2.

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Hickman has failed to demonstrate a substantial likelihood of success on the merits of his claims. Hickman likewise fails to establish a substantial threat that he will suffer the requisite irreparable injury absent issuance of the requested preliminary injunction. The third factor, balancing potential harm to the parties, weighs more heavily in favor of the defendants as issuance of the injunction would allow inmates to dictate their place of confinement by merely alleging the presence of unidentified enemies at a particular facility. Finally, the public interest element of the equation is, at best, a neutral factor at this juncture.

Thus, Hickman has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of preliminary injunctive relief.

### IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motion for preliminary injunction filed by the plaintiff be DENIED.

2.  This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **September 15, 2015**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions

of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

    Done this 1st day of September, 2015.

                                    /s/ Wallace Capel, Jr.
                                    WALLACE CAPEL, JR.
                                    UNITED STATES MAGISTRATE JUDGE